# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

|  |  |  |
|---|---|---|
| **WILLIAM LEE,** *et al.***,** | ) | |
| | ) | |
| | ) | **CIVIL ACTION NO. 3:12-cv-04834-D** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **VERIZON COMMUNICATIONS INC.,** *et al.***,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## JOINT MOTION FOR CLASS CERTIFICATION

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, William Lee, Joanne McPartlin and Edward Pundt (collectively, "Named Plaintiffs"), on the one hand, and Defendants Verizon Communications Inc. ("Verizon"), Verizon Management Pension Plan ("Plan"), Verizon Investment Management Corp., Verizon Corporate Services Group Inc., and Verizon Employee Benefits Committee (collectively, the "Verizon Defendants"), on the other hand, respectfully request that the Court certify the two below-described, non-optout classes in this action and state, in support of their joint motion, as follows:

1. On December 10, 2012, the Plan purchased a group annuity contract (the "GAC") from The Prudential Insurance Company of America ("Prudential"). As part of that transaction, the Plan transferred assets worth approximately $8.5 billion to Prudential, which assumed the obligation to pay annuity benefits to approximately 41,000 Plan participants who began

receiving pensions payments from the Plan prior to January 1, 2010 (the "Prudential annuity transaction").

2.      On January 25, 2013, Named Plaintiffs filed an Amended Complaint.  In the Amended Complaint, Named Plaintiffs allege that the Prudential annuity transaction violated the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1002, *et seq.*, and seek relief on behalf of (i) those former Plan participants whose benefit payment obligation was transferred to Prudential, and (ii) the Plan.

### A.      Claims On Behalf Of Transferred Former Plan Participants

3.      Plaintiffs Lee and McPartlin bring this lawsuit on behalf of a class of the approximately 41,000 former Plan participants whose benefit payment obligations were transferred to Prudential in connection with the Prudential annuity transaction.  This "Transferee Class" is defined as:

> All participants, beneficiaries and/or alternate payees of the Verizon Management Pension Plan whose benefit obligations were transferred from the Plan to a group annuity contract issued by The Prudential Insurance Company of America.

*See* Am. Compl. ¶ 126.

4.      The proposed Transferee Class of approximately 41,000 former Plan participants is "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).

5.      The claims of Plaintiff Lee and McPartlin presents numerous "questions of law or fact common to the Transferee Class."  *See* Fed. R. Civ. P. 23(a)(2).  These questions include:

- Whether any of the Verizon Defendants ran afoul of Section 102(b) of ERISA (and regulations thereunder) requiring summary plan descriptions to disclose the circumstances that may result in a loss or reduction of benefits. (Am. Compl. ¶¶ 75, 77);[1]

---

[1]      As will be detailed in the Verizon Defendants' Memorandum Regarding Class Certification (submitted contemporaneously herewith), they reserve the right to argue that each

- Whether the Verizon Defendants violated ERISA's fiduciary duty requirements, including the requirements to act in accordance with plan documents, the duty of loyalty and impartiality, and to diversify plan investments (Am. Compl. ¶¶ 5, 101-02, 105); and

- Whether the Verizon Defendants discriminated against the members of the Transferee Class in violation of ERISA Section 510 because other Plan participants were not transferred out of the Plan to Prudential and they lost no federal rights and uniform federal protection. (Am. Compl. ¶¶ 99, 103, 113).

Answering these common questions will resolve issues that are "central to the validity of each one of the [Class members'] claims in one stroke." *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

6. The claims of Plaintiff Lee and Plaintiff McPartlin are typical of the claims of the Transferee Class as a whole. *See* Fed. R. Civ. P. 23(a)(3). Their claims are based on (i) the same course of conduct as the claims of Transferee Class members – *i.e.*, the Prudential annuity transaction, and (ii) the same legal theory as the claims of Class members – *i.e.*, that the Prudential annuity transaction violated fiduciary and other duties owed to them under ERISA. The declaratory and injunctive relief sought as a remedy for the purported ERISA violations, moreover, would apply equally to Plaintiffs Lee and McPartlin and the Class. *See Stott v. Capital Fin. Servs., Inc.*, 277 F.R.D. 316, 324 (N.D. Tex. 2011) (Rule 23(a)(3)'s typicality requirement is satisfied where the class representatives' claims are based on "a similar course of conduct and share the same legal theory" as those of the putative class.).

7. Plaintiffs Lee and McPartlin are adequate representatives of the Transferee Class. *See* Fed. R. Civ. P. 23(a)(4). They "have no interest antagonistic to or in conflict with the interests of the putative class." Am. Compl. ¶ 131. This District Court has recognized by order

---

class member would need individually to prove "detrimental reliance" or "actual harm" caused by the asserted SPD notice violation prior to recovering under Count I.

entered in *Murphy, et al., v. Verizon Communications Inc., et al.,* Case No. 3:09-cv-2262-G that Plaintiffs' counsel are adequate class counsel.

8.      The Verizon Defendants "have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief . . . respecting the class as a whole" may be appropriate in the event the Verizon Defendants are found to have acted unlawfully.[2]  *See* Fed. R. Civ. P. 23(b)(2).  In this action, Plaintiffs Lee and McPartlin seek only declaratory and "other appropriate equitable relief," *see* 29 U.S.C. § 1132(a)(3), and any declaration that the Prudential annuity transaction was unlawful or any injunction relating to that transaction would necessarily apply with equal force and in like manner to all Transferee Class members.  See *Wal-Mart Stores, Inc.*, 131 S. Ct. at 2557 (Rule 23(b)(2) applies "when a single injunction or declaratory judgment would provide relief to each member of the class. . . ."); *In re Rodriguez*, 695 F.3d 360, 365 (5th Cir. 2012) (Rule 23(b)(2) "requires that (1) the defendant's actions . . . [be] generally applicable to the class as a whole and (2) injunctive relief predominate[] over [any] damages sought.").

      **B.      Claims On Behalf Of The Plan**

9.      Plaintiff Pundt asserts Count Four of the Amended Complaint on behalf of the Plan.  There are more than 50,000 Plan participants whose benefit payment obligations were *not* transferred to Prudential in connection with the Prudential annuity transaction.  (*See* Am. Compl. ¶ 128.)  Plaintiff Pundt represents the Plan and, necessarily, a "Non-Transferee Class" consisting of:

> All remaining Plan participants, beneficiaries and/or alternate payees (as of December 10, 2012) not included in the group transferred to Prudential pursuant

---

[2]      The Verizon Defendants do not concede that injunctive relief is appropriate or available under ERISA in this case.

to the Prudential annuity transaction that was consummated on December 10, 2012.

*See* Am. Compl. ¶ 126.

10. The Non-Transferee Class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).

11. Plaintiff Pundt's Count Four of the Amended Complaint presents numerous "questions of law or fact common to the class." *See* Fed. R. Civ. P. 23(a)(2). These questions include:

- Whether the use of Plan assets to purchase the GAC violated the terms of the Plan or Section 404(a)(1)(A) of ERISA, which requires Plan fiduciaries to use Plan assets "for the exclusive purpose of . . . providing benefits" and "defraying reasonable expenses of administering the plan" (Am. Compl. ¶ 109);

- Whether the Plan's assets were used to pay excessive expenses and costs which should have been borne by Verizon corporate revenues, not by the Plan; and

- Whether the use of Plan assets to purchase the GAC violated the funding-based limits on payment of accelerated benefits and insurance annuities imposed by Section 206(g) of ERISA (Am. Compl. ¶ 53).

Answering these common questions will resolve issues that are central to the validity of the Count Four claims "in one stroke." *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

12. The claims in Count Four of the Amended Complaint are typical of the claims of the Plan, and the claims of the Non-Transferee Class as a whole. *See* Fed. R. Civ. P. 23(a)(3). Count Four is based on (i) the same course of conduct as the claims of Non-Transferee Class members – *i.e.*, the Verizon Defendants' use of Plan assets to pay certain expenses to purchase the GAC, and (ii) the same legal theory as the claims of Non-Transferee Class members – *i.e.*, that the use of Plan assets to pay certain expenses and to purchase the GAC violated fiduciary and other duties owed to them under ERISA. The declaratory and injunctive relief sought as a

remedy for the purported ERISA violations, moreover, would apply equally to Plaintiff Pundt and the Plan's participants and beneficiaries.  *See Stott v. Capital Fin. Servs., Inc.*, 277 F.R.D. 316, 324 (N.D. Tex. 2011) (Rule 23(a)(3)'s typicality requirement is satisfied where the class representatives' claims are based on "a similar course of conduct and share the same legal theory" as those of the putative class.)

13.    Plaintiff Pundt has no interest antagonistic to or in conflict with the interests of the Plan or Non-Transferee Class.  Am. Compl. ¶ 131.

14.    The Verizon Defendants "have acted or refused to act on grounds that apply generally to the Plan and Non-Transferee Class, so that final injunctive relief or corresponding declaratory relief . . . respecting the class as a whole" may be appropriate in the event the Verizon Defendants are found to have acted unlawfully.[3]  *See* Fed. R. Civ. P. 23(b)(2).  In this action, Plaintiff Pundt purports to act on behalf of the Plan as a whole, and seeks relief only "for the benefit of the Plan."  Am. Compl. ¶ 120.  Moreover, he seeks only declaratory and "appropriate equitable relief," *see* 29 U.S.C. § 1132(a)(2), and any declaration that the use of Plan assets in connection with the Prudential annuity transaction was unlawful or any injunction relating to that transaction would necessarily apply with equal force and in like manner to the Plan and all Plan participants and beneficiaries.  See *Wal-Mart Stores, Inc.*, 131 S. Ct. at 2557 (Rule 23(b)(2) applies "when a single injunction or declaratory judgment would provide relief to each member of the class. . . ."); *In re Rodriguez*, 695 F.3d 360, 365 (5th Cir. 2012) (Rule 23(b)(2) "requires that (1) the defendant's actions . . . [be] generally applicable to the class as a whole and (2) injunctive relief predominate[] over [any] damages sought.").

---

[3]    The Verizon Defendants do not concede that injunctive relief is either appropriate or available under ERISA in this case.

* * *

15.     Named Plaintiffs reserve the right to request that the Court order that notice be given to the above-described classes pursuant to Fed. R. Civ. P. 23(c)(2)(A), and the Verizon Defendants reserve the right to oppose any such request.  The parties agree that, presently, the Court need not address the class notice issue.

WHEREFORE, for good cause shown, Named Plaintiffs and the Verizon Defendants jointly and respectfully request that the Court enter an order certifying both the Transferee Class and the Non-Transferee Class as non-optout classes pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.  A jointly proposed order is submitted herewith.

Respectfully submitted,

/s/ Curtis L. Kennedy                              /s/ Thomas L. Cubbage III
Curtis L. Kennedy                                  Jeffrey G. Huvelle (admitted *pro hac vice*)
Texas State Bar No. 11284320                       Thomas L. Cubbage III (Texas Bar No. 0078391)
8405 E. Princeton Avenue                           Christian J. Pistilli (admitted *pro hac vice*)
Denver, Colorado  80237-1741                       Covington & Burling LLP
Tele:  303-770-0440                                1201 Pennsylvania Ave., N.W.
CurtisLKennedy@aol.com                             Washington, DC  20004
                                                   Tel.:  (202) 662-6000
                                                   Fax:  (202) 662-6291
                                                   jhuvelle@cov.com
Robert E Goodman, Jr                               tcubbage@cov.com
Kilgore & Kilgore PLLC                             cpistilli@cov.com
3109 Carlisle Street
Dallas, TX 75204
Tel.:  214-969-9099                                Matthew D. Orwig (Texas Bar No. 15325300)
Fax:  214-953-0133                                 Joanne R. Bush (Texas Bar No. 24064983)
reg@kilgorelaw.com                                 Jones Day
                                                   2727 North Harwood Street
*Attorneys for Plaintiffs*                         Dallas, TX 75201
                                                   Tel.:  (214) 220-3939
                                                   Fax:  (214) 969-5100
                                                   morwig@jonesday.com
                                                   jrbush@jonesday.com

                                                   *Attorneys for the Verizon Defendants*