IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **WILLIAM LEE,** *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **VERIZON COMMUNICATIONS INC.,** *et al.*, ) <br> ) <br> **Defendants.** ) <br> ) | **CIVIL ACTION NO. 3:12-CV-4834-D** |

### ORDER FOR CLASS CERTIFICATION

This matter coming to be considered on the parties' joint motion for class certification, and the Court being fully advised in the premises,

**THE COURT HEREBY FINDS AND ORDERS THE FOLLOWING:**

1.  On December 10, 2012, the Verizon Management Pension Plan (the "Plan") purchased a group annuity contract (the "GAC") from Prudential Insurance Company of America ("Prudential"). As part of that transaction, the Plan transferred assets worth approximately $8.5 billion to Prudential, which assumed the obligation to pay annuity benefits to approximately 41,000 Plan participants who began receiving pensions payments from the Plan prior to January 1, 2010 (the "Prudential annuity transaction").

2.  Plaintiffs Lee and McPartlin assert Counts One through Three of the Amended Complaint on behalf of a class of the approximately 41,000 former Plan participants whose benefit payment obligations were transferred to Prudential in connection with to the Prudential annuity transaction (the "Transferee Class").

1

3. Plaintiff Pundt asserts Count Four of the Amended Complaint on behalf of the Plan. There are more than 50,000 Plan participants whose benefit payment obligations were *not* transferred to Prudential in connection with the Prudential annuity transaction (the "Non-Transferee Class").

4. The Court finds that the proposed Transferee Class meets the requirements of Rule 23. Accordingly, the Court certifies a class pursuant to Rule 23(b)(2) in this action, defined as:

> All participants, beneficiaries and/or alternate payees of the Verizon Management Pension Plan whose benefit obligations were transferred from the Plan to a group annuity contract issued by The Prudential Insurance Company of America.

5. The Court finds that the Transferee Class meets the requirements of Rule 23(a). The Transferee Class consists of approximately 41,000 people and is therefore so numerous that joinder of all members is impracticable. There are common questions of law and fact, including, for example, (i) whether the Prudential annuity transaction violated ERISA Section 404(a), including the requirements to act in accordance with plan documents, the duty of loyalty and impartiality, and to diversify plan investments, (ii) whether the summary plan descriptions distributed to Transferee Class members satisfied the requirement of ERISA Section 102(b) (and related regulations) to disclose the circumstances that may result in a loss or reduction of benefits, and (iii) whether the Prudential annuity transaction ran afoul of ERISA Section 510's non-discrimination provision. Plaintiffs Lee's and McPartlin's claims are typical of the Transferee Class because their claims and the claims of all Transferee Class members are based on the same transaction, depend on the same facts, and are based on the same legal and remedial theories. The Court finds that Plaintiffs Lee and McPartlin will fairly and adequately protect the

interests of the Transferee Class. They have no conflict of interest with the Transferee Class, and have retained adequate counsel to represent the Transferee Class.

6. The Court finds that the claims asserted in Counts One, Two and Three of the Amended Complaint may be maintained as a class claims under Rule 23(b)(2) because the Verizon Defendants have allegedly acted or refused to act on grounds generally applicable to the Transferee Class, making final injunctive relief or corresponding declaratory relief with respect to the Transferee Class as a whole appropriate.

7. Pursuant to Rule 23(c)(1)(B), the class claims for the Transferee Class are defined as follows:

a) Whether any of the Verizon Defendants ran afoul of Section 102(b) of ERISA (and regulations thereunder) requiring summary plan descriptions to disclose the circumstances that may result in a loss or reduction of benefits;

b) Whether the Verizon Defendants violated ERISA's fiduciary duty requirements, including the requirements to act in accordance with plan documents, the duty of loyalty and impartiality, and to diversify plan investments; and

c) Whether the Verizon Defendants discriminated against the members of the Transferee Class in violation of ERISA Section 510 because other Plan participants were not transferred out of the Plan to Prudential and they lost no federal rights and uniform federal protection.

8. The Court finds that the proposed Non-Transferee Class meets the requirements of Rule 23. Accordingly, the Court certifies a class pursuant to Rule 23(b)(2) in this action, defined as:

> All remaining Plan participants, beneficiaries and/or alternate payees (as of December 10, 2012) not included in the group transferred to Prudential pursuant to the Prudential annuity transaction that was consummated on December 10, 2012.

9. The Court finds that the Non-Transferee Class meets the requirements of Rule 23(a). The Non-Transferee Class consists of approximately 50,000 people and is therefore so

numerous that joinder of all members is impracticable. There are common questions of law and fact, including, for example, (i) whether the use of Plan assets to purchase the GAC violated the terms of the Plan or Section 404(a)(1)(A) of ERISA; (ii) whether the Plan's assets were used to pay expenses and costs which should have been borne by Verizon Corporate revenues, not by the Plan; and (iii) whether the use of Plan assets to purchase the GAC violated the funding-based limits on payment of accelerated benefits and insurance annuities imposed by Section 206(g) of ERISA. Plaintiff Pundt's claims are typical of the Non-Transferee Class because his claims and the claims of all Non-Transferee Class members are based on the same transaction, depend on the same facts, and are based on the same legal and remedial theories. The Court finds that Plaintiff Pundt will fairly and adequately protect the interests of the Non-Transferee Class. He has no conflict of interest with the Non-Transferee Class, and has retained adequate counsel to represent the Non-Transferee Class.

10. The Court finds that the claims asserted in Count Four of the Amended Complaint may be maintained as class claims under Rule 23(b)(2) because the Verizon Defendants have allegedly acted or refused to act on grounds generally applicable to the Non-Transferee Class, making final injunctive relief or corresponding declaratory relief with respect to the Non-Transferee Class as a whole appropriate.

11. Pursuant to Rule 23(c)(1)(B), the class claims for the Non-Transferee Class are defined as follows:

    a) Whether the use of Plan assets to purchase the GAC violated the terms of the Plan or Section 404(a)(1)(A) of ERISA, which requires Plan fiduciaries to use Plan assets "for the exclusive purpose of . . . providing benefits" and "defraying reasonable expenses of administering the plan";

    b) Whether the Plan's assets were used to pay excessive expenses and costs which should have been borne by Verizon corporate revenues, not by the Plan; and

        c)      Whether the use of Plan assets to purchase the GAC violated the funding-based limits on payment of accelerated benefits and insurance annuities imposed by Section 206(g) of ERISA.

        12.      Based on the pleadings, motions, and other court filings, the Court has considered the following factors pursuant to Rule 23(g)(1): (1) the work Plaintiffs' counsel have done in identifying and investigating potential class claims in this case, (2) their experience in handling class actions, other complex litigation, and claims of the type asserted in this action, (3) their knowledge of the applicable law, and (4) the resources they will commit to representing the Transferee Class and the Non-Transferee Class. Based on that review, the Court concludes that Plaintiffs' counsel will fairly and adequately represent the interests of both the Transferee Class and the Non-Transferee Class. The Court therefore appoints the following attorneys as Class Counsel pursuant to Rule 23(c)(1)(B) and Rule 23(g):

| | |
|---|---|
| Curtis L. Kennedy | Robert E Goodman, Jr. |
| Law Office of Curtis L Kennedy | Kilgore & Kilgore PLLC |
| 8405 E. Princeton Avenue | 3109 Carlisle Street |
| Denver, CO 80237-1741 | Dallas, TX 75204 |

        13.      At this time, the Court does not direct any notice to the Transferee Class or to the Non-Transferee Class.

**SO ORDERED**.

March 28, 2013/

_____
SIDNEY A. FITZWATER
CHIEF JUDGE